FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **CENTRAL DISTRICT OF CALIFORNIA**
10   **WESTERN DIVISION**

11   JAKE YANEZ,                           )      No.  SACV 07-740-SJO (AGR)
                                           )
12                   Petitioner,           )
                                           )      ORDER ADOPTING MAGISTRATE
13        v.                               )      JUDGE'S REPORT AND
                                           )      RECOMMENDATION
14   D.K. SISTO, et al.,                   )
                                           )
15                   Respondent.           )
     _____ )
16

17        Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo,

18   including the magistrate judge's Report and Recommendation.  The Court agrees

19   with the recommendation of the magistrate judge.

20        IT IS ORDERED that Judgment be entered denying the Petition and dismissing

21   this action with prejudice.

22

23   DATED: _____6/18/08_____          _____

24                                                    S. JAMES OTERO
                                             UNITED STATES DISTRICT JUDGE
25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   JAKE YANEZ,                          )       NO. CV 07-740-SJO (AGR)
12           Petitioner,                  )
13                   v.                   )
14   D.K. SISTO, et al.                   )       REPORT AND
                                          )       RECOMMENDATION OF UNITED
15           Respondents.                 )       STATES MAGISTRATE JUDGE
16                                        )
17   ─────────────────────────────────── )

18          The Court submits this Report and Recommendation to the Honorable S.
19   James Otero, United States District Judge, pursuant to 28 U.S.C. § 636 and
20   General Order No. 05-07 of the United States District Court for the Central District
21   of California.  For the reasons set forth below, the Magistrate Judge recommends
22   that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus be
23   granted.
24   ///
25   ///
26   ///
27   ///
28   ///

# I.

## SUMMARY OF PROCEEDINGS

On April 10, 2001, an Orange County jury convicted Petitioner of kidnapping to commit robbery and kidnapping to commit carjacking. (Petition at 2; Motion to Dismiss ("MTD") at 2.) The court sentenced Petitioner to life with the possibility of parole. (*Id.*)

On October 3, 2003, the California Court of Appeal affirmed the conviction. (Lodged Document ("LD") 1.) On January 14, 2004, the California Supreme Court denied review without explanation. (LD 3.)

On November 7, 2004, Petitioner mailed a state habeas petition to the Orange County Superior Court, which was filed on November 17, 2004, and denied on December 23, 2004. (LD 5 at 54, 6.) On March 30, 2005, Petitioner mailed a state habeas petition to the California Court of Appeal, which was filed on April 6, 2005, and denied on May 12, 2005, without explanation. (LD 7, 10.) On August 13, 2005, Petitioner mailed a state habeas petition to the California Supreme Court, which was filed on August 26, 2005, and denied on June 21, 2006, without explanation, but with citations to *In re Dixon*, 41 Cal. 2d 756 (1953); *In re Swain*, 34 Cal. 2d 300, 304 (1949); *People v. Duvall*, 9 Cal. 4th 464, 474 (1995); and *In re Lindley*, 29 Cal. 2d 709 (1947). (LD 9, 8.)

On May 24, 2007, Petitioner mailed a Petition for Writ of Habeas Corpus by a Person in State Custody to the United States District Court for the Eastern District of California, which was filed on May 29, 2007. On June 6, 2007, the Court issued an order transferring the matter to the Central District of California. The Petition was filed in this Court on June 25, 2007.

On October 29, 2007 (but served on October 26, 2007), Respondent filed a motion to dismiss on the basis on the ground that the statute of limitations had expired. Pursuant to Paragraph 4 of the Court's Order filed June 28, 2007,

///

1  Petitioner's opposition was due to be filed within 30 days of the service of the
2  motion.  Petitioner did not file an opposition.

3       On December 18, 2007, the Court issued an Order Re: Filing of Opposition
4  to Motion to Dismiss, which ordered an opposition to be filed no later than
5  January 17, 2008, and further advised that "failure to oppose a motion to dismiss
6  may be construed as consent to the granting of the motion, and may result in
7  dismissal of the action.  Local Rule 7-12."  The Order stated that the matter would
8  be deemed submitted on the day after the due date of Petitioner's opposition.

9       On January 10, 2008, Petitioner filed a motion for an extension of time of
10  90-120 days to file an opposition.  On January 30, 2008, the Court granted an
11  extension of time and ordered that Petitioner's opposition be filed and served no
12  later than April 11, 2008.

13       As of the date of this Report and Recommendation, Petitioner has not filed
14  an opposition or a motion for an additional extension of time.  This matter is
15  therefore ready for decision.

16  II.

17  **STATUTE OF LIMITATIONS**

18       There is a one-year statute of limitations for a petition for writ of habeas
19  corpus filed in federal court by a person in custody pursuant to a judgment of a
20  state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts running on the
21  latest of the date when a conviction becomes final under 28 U.S.C. §
22  2244(d)(1)(A), or one of three dates set in § 2244(d)(1)(B)-(D).  On direct appeal,
23  the California Supreme Court denied review on January 14, 2004.  (LD 3.)
24  Petitioner's conviction became final 90 days later, on April 13, 2004, when the
25  time for him to petition for certiorari elapsed.[1]  *Bowen v. Roe*, 188 F.3d 1157,

26  _____

27      [1] In its calculation of the 90-day period, Respondent excluded weekend
days at the beginning and end of the period.  (MTD at 7.)  The first day of the 90-
28  day period was January 15, 2004, a Thursday, and the last day of the period was
April 13, 2004, a Tuesday.  Respondent does not identify the dates it excluded

3

1  1158-59 (9th Cir. 1999).  Thus, absent tolling, the statute of limitations for filing a

2  federal habeas petition expired, at the latest, one year later on April 13, 2005.   28

3  U.S.C. § 2244(d)(1)(A).

4      **A.    Statutory Tolling**

5          The statute of limitations is tolled during the time "a properly filed

6  application for State post-conviction or other collateral review with respect to the

7  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

8          There is no tolling from the time a petitioner's conviction becomes final and

9  the filing of the first state habeas petition because there is no case "pending"

10  during that period.  *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007).

11  Petitioner mailed his state habeas petition to the Orange County Superior Court

12  on November 7, 2004, or 208 days from the date his conviction became final on

13  April 13, 2004.  (LD 5 at 54.)  Thus, as of that point, Petitioner had 157 days

14  remaining in the 365-day limitations period.

15          Respondent argues that Petitioner is not entitled to statutory tolling.

16  However, the Petition would be untimely even if Petitioner were given the benefit

17  of statutory tolling for the entire time frame beginning on the date he mailed his

18  first state habeas petition to Superior Court through the date the California

19  Supreme Court denied his last state habeas petition.  As of November 7, 2004,

20  when Petitioner mailed his first state habeas petition, Petitioner had 157 days

21  remaining in the 365-day limitations period.  Statutory tolling ceased no later than

22  June 21, 2006, when the California Supreme Court denied his petition.  Petitioner

23  did not mail his federal petition until 337 days later, on May 24, 2007, which is

24  180 days beyond the expiration of the limitations period.

25          Nevertheless, turning to Respondent's arguments on statutory tolling,

26  Respondent argues that Petitioner is not entitled to statutory tolling during the

27  _____

28  and does not offer a legal basis for exclusion.

4

period from November 7, 2004, to December 23, 2004, because the state habeas petition before the Orange County Superior Court was not "properly filed" based on the court's determination that the petition was untimely. (MTD at 8.) On December 23, 2004, the Orange County Superior Court denied Petitioner's state habeas petition on "separate and independent grounds," including Petitioner's failure to "me[e]t his burden to explain and justify the delay in seeking habeas corpus relief." (LD 6 at 2 (citing to *In re Clark*, 5 Cal. 4th 750, 765 (1993).) A state's "time limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that period is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 132 (2006). Therefore, Petitioner is not entitled to the 46-day period between November 7, and December 23, 2004. At that juncture, Petitioner had 111 days (157 - 46) remaining in the limitations period. In addition, Petitioner is not entitled to statutory tolling during the 97-day period from December 23, 2004, when the trial court denied the petition, until March 30, 2005, when Petitioner mailed his state habeas petition to the Court of Appeal, because there was no state habeas petition pending during that time. (LD 7); *See Thorson,* 479 F.3d at 646. Accordingly, only 14 days (111 - 97) remained in the limitations period.

However, the Court rejects Respondent's argument that Petitioner is also not entitled to statutory tolling for his habeas petitions before the Court of Appeal and the California Supreme Court. (MTD at 8.) Respondent acknowledges that neither the Court of Appeal nor the California Supreme Court indicated that the petitions were untimely under California law. Respondent argues that this Court should look through the unreasoned orders of the appellate courts to the Orange County Superior Court's decision. (*Id.* (citing to *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 806, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991).) However, *Ylst* is

5

1    distinguishable.  In that case, the petitioner had asked the California Supreme

2    Court to review a California Court of Appeal decision on direct appeal.  *Id.* at 799.

3    The Court of Appeal rejected the petitioner's claim based on a procedural bar.  *Id.*

4    The California Supreme Court denied review without explanation.  *Id.  Ylst* held

5    that "[w]hen there has been one reasoned state judgment rejecting a federal

6    claim, later unexplained orders upholding that judgment or rejecting the same

7    claim rest upon the same ground."  *Id.* at 803.  The Supreme Court characterized

8    its holding as a rebuttable presumption.  *Id.* at 804.

9        Because of California's unique habeas system in which each petition at

10   each level (trial court, Court of Appeal, Supreme Court) is an original filing, it does

11   not necessarily follow that federal courts should look through a subsequent

12   unreasoned denial of habeas to a lower court's reasoned denial.  Unlike direct

13   appeal, neither the Court of Appeal nor the California Supreme Court is

14   technically *reviewing* the lower court's denial.  Therefore, the Court declines to

15   find that the petitions filed in the Court of Appeal and the California Supreme

16   Court were not "properly filed."

17       Therefore, the clock began to run again on June 21, 2006, when the

18   California Supreme Court denied the state habeas petition.  (LD 8.)  Petitioner did

19   not mail his federal petition until May 24, 2007, 337 days later, or 323 days too

20   late.  Absent equitable tolling, the petition here is still time-barred.

21       **B.    Equitable Tolling**

22       The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d)

23   allows for equitable tolling.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L.

24   Ed. 2d 924 (2007).  However, assuming equitable tolling is available, "a litigant

25   seeking equitable tolling bears the burden of establishing two elements: (1) that

26   he has been pursuing his rights diligently, and (2) that some extraordinary

27   circumstance stood in his way."  *Pace*, 544 U.S. at 418 (citation omitted).  "The

28   prisoner must show that the extraordinary circumstances were the cause of his

1    untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation and

2    internal quotation marks omitted).  "Equitable tolling is justified in few cases,

3    though.  Indeed, the threshold necessary to trigger equitable tolling . . . is very

4    high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation

5    marks omitted).

6          Petitioner has not met his burden to establish either element of equitable

7    tolling.  He has made no allegations in the Petition that he is entitled to equitable

8    tolling, nor has he filed an opposition to the motion to dismiss, despite being

9    given ample time and more than one opportunity to do so.  *See Cid v. Warden,*

10   *Mule Creek State Prison*, 2008 WL 762015, *3 (C.D. Cal. 2008) ("Petitioner has

11   not set forth any allegations in the Petition demonstrating that extraordinary

12   circumstances prevented him from timely seeking federal habeas relief.  Neither

13   did he file any opposition to the Motion to Dismiss, despite being given ample

14   opportunity to do so."); *see also* Local Rule 7-12 ("The failure to file any required

15   paper, or the failure to file it within the deadline, may be deemed consent to the

16   granting or denial of the motion.").

17         Respondent reaches back to Petitioner's state petition before the California

18   Court of Appeal in which Petitioner explains his "[r]easons for delay" in presenting

19   that petition.  (MTD at 9 (citing LD 7[2] at 44-46).)  Petitioner claims he did not learn

20   of the denial of review by the California Supreme Court on direct appeal (January

21   14, 2004) until sometime in May of 2004 because his counsel failed to notify him.

22   (LD 7 at 44.)  For purposes of this analysis, the Court assumes without deciding

23   that is a sufficient reason for equitable tolling[3] and assumes further that Petitioner

24   did not know of the denial of his petition for review until May 31, 2004.  The

25

26          [2]  Respondent's citation to LD 5 is a typographical error.

27          [3]  Generally, attorney negligence does not constitute extraordinary
     circumstances sufficient to warrant equitable tolling.  *See Miranda v. Castro*, 292
28   F.3d 1063, 1068 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002).

1    limitations period would run from June 1, 2004, to November 7, 2004 (159 days),

2    restart on June 21, 2006, and continue until May 24, 2007 (337 days).  In other

3    words, under this theory, the Petition remains untimely because it was 141 days

4    beyond the expiration of the limitations period.

5           The remaining reasons tendered to the California Court of Appeal as to his

6    delay in filing his first state habeas petition in Orange County Superior Court do

7    not warrant equitable tolling.  Petitioner is not entitled to counsel on California

8    habeas proceedings unless a court finds he has stated a prima facie case and a

9    hearing is required.  *See People v. Shipman*, 62 Cal. 2d 226, 232 (1965).

10   Therefore, lack of counsel in state post-conviction proceedings cannot justify

11   equitable tolling.  *See Poland v. Stewart*, 169 F.3d 573, 588 (9th Cir.), *cert.*

12   *denied*, 528 U.S. 845 (1999).  Petitioner's ignorance of the law does not justify

13   equitable tolling.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)

14   (ignorance of the law does not equitably toll the statute of limitations).  Petitioner

15   makes no showing that prison lockdowns prevented him from filing a timely

16   petition.[4]  *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.) (as amended)

17   (lack of access to library material does not automatically qualify as grounds for

18   equitable tolling), *cert. denied*, 535 U.S. 1055 (2002); *see also Smith v. Duncan*,

19   297 F.3d 809, 815 (9th Cir. 2002) (a petitioner must allege facts that entitle him to

20   equitable tolling).

21                                   **III.**

22                            **RECOMMENDATION**

23          For the reasons discussed above, it is recommended that the District Court

24   issue an Order (1) adopting this Report and Recommendation, (2) granting

25   ///

26   ///

27

28   _____
       [4]  Petitioner does not provide any information as to the dates of prison
     lockdowns or how they prevented him from filing a timely state habeas petition.

Respondent's motion to dismiss, and (3) directing that judgment be entered
denying the petition and dismissing this action with prejudice.


DATED:  May 5, 2008

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge

9